Mark Lapham (SBN 146352)
751 Diablo Rd.
Danville, CA 94526
Phone 925-837-9007
Email marklapham@sbcglobal.net
Propose Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br><br>**818 GREEN STREET LLC,**<br>        **Debtor.** | Case No.: 14-42286 WJL<br><br>Chapter 11<br><br>**AMENDED ATTORNEY DISCLOSURE STATEMENT** |

I, Mark Lapham, declare:

1. I am an attorney at law licensed to practice before all the courts of this State and this Court.
2. This amended disclosure declaration is to address the issues raised in the United States Trustee's Objection to Application for Employment of Attorney for Debtor and Debtor in Possession, filed and entered on 6.19/14 as Doc. #13.
3. I have agreed to work on a pro-bono basis for the debtor for the reason that I am a personal friend of the managing member of the debtor, Mr. Harry Nguyen. The debtor and/or the managing member Mr. Harry Nguyen has agreed to pay for and advance all non-attorney fees and expenses. I have not and will not be advancing any funds on behalf of debtor. Attached to this declaration as Exhibit A is a true and correct copy of the executed attorney fee agreement.
4. I have not shared nor agreed to share my compensation, should I am entitled to any compensation, with anyone.
5. The services to be rendered are all ordinary and necessary legal services in connection with representing the debtor in its Chapter 11 case. The services do not include

- 1 -

preparation and consultation of monthly operating statements or any tax advice relating to those statements, as set forth in the fee agreement in Exhibit A.

6. Neither myself nor any member of my office is an insider, has or holds any interests of debtor's, is related to debtor in any way except as debtor's attorney, and otherwise has no stake in debtor's assets or liabilities. Further, neither I nor any member of my staff is related to debtor, its accountants or attorneys, except as debtors attorney, or to debtor's creditors, their respective attorneys or accountants, or to the U.S. trustee, the trustee's staff or members of its office, or any other party in interest.

7. I have experience in Chapter 7 and 13 cases. Even though I do not have extensive experience in Chapter 11, I know a more experienced bankruptcy attorney, Mr. Galen Gentry, who I can reach out to as my advisor should such a need arise. I am also able and willing to extend myself in learning the intricacies of the law and procedures related to this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2014.

/S/ Mark Lapham
Proposed Attorney for Debtor

# EXHIBIT A

**Mark W. Lapham**
751 Diablo Rd.
Danville, CA 94526

Ph. 925-837-9007  fax 925-406-1616

ATTORNEY-CLIENT FEE AGREEMENT

ENGAGEMENT CONTRACT FOR LEGAL SERVICES

MARK W. LAPHAM, ("Attorney"), and HARRY NGUYEN and 818 GREEN ST LLC ("Client's") hereby agree:

A. **SCOPE AND PURPOSE OF ENGAGEMENT**.   Chapter 11 bankruptcy representation for Harry Nguyen as managing member of 818 Green St. LLC and for 818 Green St. LLC.  The Chapter 11 bankruptcy  petition has already been filed in the Northern District of California, and the case number  is 14-42286.  Attorney will assist, advise, and prepare all necessary documents for Client in the Chapter 11 proceedings.  Attorney will also submit a Chapter 11 "Reorganization" plan within 60 days of the filing of the petition.   Attorney will be present at all status conferences before the Judge, motion hearings, the 341 Creditors meeting and other required hearings.

B.  **FEE and DEPOSIT**.  Attorney agrees to represent Client's in this matter on a "pro bono" basis without compensation.  If additional services outside the scope of this Engagement Contract, Attorney will charge additional fees based on estimates of future work and may not provide further services outside the scope of this Engagement Contract without Client's additional deposits for additional services required.  Client's agree to be responsible for the paying for and producing the required reports (monthly and quarterly) that are required by the U.S. trustee.  The reports need to be prepared and presented to Attorney 7 days  prior to the due date of the report.  Attorney will submit the reports to the Trustee's office after verifying the information in the reports is accurate.

C.  **END OF ENGAGEMENT**: Attorney's legal services will be concluded once one of the following has occurred:

1. The Chapter 11 plan advanced by Attorney has either been accepted or rejected by the Court and the case is closed.

D. **CONFLICT OF INTEREST**. In the event that Attorney perceives any conflict of interest, or if you fail to pay fees and/or costs when due, Attorney have the right to immediately withdraw from representing you. In the event Attorney withdraws as counsel of record for non-payment of any fee or cost, you agree to consent to this request and not oppose the withdrawal in any way the relief being sought by Attorney.

E.  **CLIENT'S RESPONSIBILITY TO COOPERATE**. It is understood between client and Attorney that the client has and will continue to have an ongoing responsibility to provide information as requested by Attorney and its staff for the purpose of properly handling the client's case. This information includes, but is not limited to any and all communications the client has had with any third parties regarding the mortgage loan and mortgaged property at issue; any and all pleadings filed by or against the client or the client's

subject property. In the event the client fails to provide information in a timely manner, Attorney reserves the right to withdraw as counsel of record from representation of the client.

F. **COMMENCEMENT OF REPRESENTATION**. Attorney shall not be responsible for any adverse consequences that occur in your case in the event that there is a delay in the payment of Attorney's fee and deposit. The Effective date of this engagement contract shall be deemed to be the date that you pay Attorney's initial fee and not the date you signed this Engagement Contract. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

F. **THIRD PARTY COSTS AND OTHER CHARGES**.
(a)  Attorney will incur various third party costs and expenses in performing legal services under this Agreement.  Client agrees to pay for all costs and expenses incurred by attorney.  The costs and expenses commonly include, expert declaration in support of client's civil action, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, messenger and other mailing/delivery fees, postage, photocopying (in-house fee at $0.25/ea.) and other reproduction costs and travel costs.

(b)  Client may be required to pay fees and/or costs to other parties in the action, as may be ordered by the Court.  Any such payment will be entirely the responsibility of Client.

G. **BILLING STATEMENTS**.  Attorney will send Client periodic statements.  Each statement will be payable within 10 days of its mailing date.  Overdue payments will be charged 1% interest per month.

H. **DISCHARGE AND WITHDRAWAL**.  Client may discharge Attorney at any time with or without cause. Attorney may withdraw with Client's consent or for good cause.  Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

 I. **DISCLAIMER OF GUARANTEE AND ESTIMATES**.  Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of legal matters.

J. **CALIFORNIA LAW**. Client is aware that Mark W. Lapham is licensed to practice law in California and Idaho not in any other state or country. Attorney will render its services from California and based on California law.

J. **ENTIRE AGREEMENT**.  This Agreement contains the entire agreement of the parties.

K. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**.  If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**L. MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

**M. EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.**

DATED: May 21, 2014

_____
HARRY NGUYEN (Client)

Address: 2004 WEST LAGOON
Pleasanton CA 94566
Telephone: (510) 825-6638

NOT EFFECTIVE UNTIL COUNTER-SIGNED

DATED: May 21, 2014

_____
Mark W. Lapham     SBN 146352