TRACY HOPE DAVIS
United States Trustee for Region 17
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Email: maggie.mcgee@usdoj.gov
Telephone: (510) 637-3200
By:     MARGARET H. MCGEE (SBN 142722)
        Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 14-42286 WJL |
| | Chapter 11 |
| 818 GREEN STREET LLC, | Date: August 6, 2014 |
| | Time: 10:30 a.m. |
| | Place: Room 220, 1300 Clay St., |
| Debtor. | Oakland, California 94612 |

**MOTION TO APPOINT A TRUSTEE UNDER 11 U.S.C. § 1104, OR, ALTERNATIVELY, CONVERT THE CASE TO ONE UNDER CHAPTER 7 OR DISMISS THE CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)**

Tracy Hope Davis, the United States Trustee for Region 17, by and through her undersigned counsel, respectfully moves the Court for an order appointing a trustee under 11 U.S.C. §1104, or alternatively converting the above captioned case to a case under chapter 7 or dismiss the case for cause under 11 U.S.C. § 1112(b), because1) Harry Nguyen, the principal of 818 Green Street LLC ("Debtor"), filed the case in bad faith; 2) a dispute exists as to the ownership of the single asset real estate at issue in this case; 3) Mr. Nguyen has refused to provide documents reasonably requested by the U.S. Trustee; and 4) Mr. Nguyen has failed to file accurate Schedules and Statement of Financial Affairs ("SoFA").

This Court has jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

In support of this motion, the United States Trustee requests that the Court consider the Memorandum of Points and Authorities and declaration of Maggie McGee filed herewith.

## I. STATEMENT OF FACTS

1. On May 26, 2014, 818 Green Street, LLC ("Debtor") commenced this case by filing a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Northern District of California, Oakland Division. *See* Pacer Docket. Debtor is a limited liability company, which purportedly owns property located at 818 Green Street in San Francisco, California (the "Property"). *Id.*

2. On May 28, 2014, the U.S. Trustee sent a letter to Mark Lapham, counsel to the Debtor, requesting that the Debtor produce documents relating to the chapter 11 filing. To date the Debtor has failed to provide: 1) proof of authorization to commence the case (e.g. resolution of board of directors of corporation or consent of all general partnerships of a partnership); 2) proof that the debtor has opened a debtor in possession bank account; 3) copies of checks, bank statements and check registers covering the 90 day period prior to commencement of the case; 4) copies of filed federal income tax returns; and 5) financial statements for fiscal year ending 2013 and year to date 2014 through the date of filing. *See* Declaration of Maggie McGee in Support of U.S. Trustee's Motion to Appoint a Trustee, or alternatively, Dismiss or Convert the Case ("MHM Dcl"). ¶ 2.

3. The U.S. Trustee conducted an initial debtor interview on June 23, 2014 and conducted a meeting of creditors on June 30, 2014. During the interview and the meeting of creditors, Mr. Nguyen stated as follows:

    a. Mr. Nguyen purchased the Debtor in May for $50,000 from Demis Yan, who is a friend of a friend of Mr. Nguyen. In order to purchase the Debtor, Mr. Nguyen gave Demis Yan, the former owner of the Debtor, a promissory note for the amount of the purchase. Thus, no actual cash changed hands.

b. Mr. Nguyen conducted essentially no due diligence prior to purchasing the Debtor. He did not determine the amount of liens on the property, whether the Debtor had operated any business prior to the purchase, whether the Debtor had bank accounts or employees, or whether the Debtor had filed tax returns.

c. Mr. Nguyen accepted the representations of Mr. Yan that the Debtor owned Property and that the liens were less than the value of the Property.

d. Mr. Lapham indicated that the debtor was created in 2008 or 2009, but neither he nor Mr. Nguyen know what, if any, business the Debtor conducted prior to Mr. Nguyen's purchase.

*See* MHM Dcl. ¶ 3.

4. Mr. Nguyen produced a grant deed from Pioneer 74 Lots, LLC to the Debtor, dated July 1, 2009 and recorded May 23, 2014. Mr. Nguyen has not produced the purchase agreement between himself and Mr. Yan, although such was requested by the U.S. Trustee at the IDI and the MOC. *See* MHM Dcl. ¶ 4.

5. The Debtor submitted a real estate questionnaire to the U.S. Trustee which indicates that the Debtor is the fee owner of the Property. However, the questionnaire also states that the "prior legal owner has caused grant deed to be recorded without consideration after transfer of title to debtor in 2009. Legal status unknown." The Debtor has not explained why he believes legal title was transferred in 2009 when the deed was only recorded in May 2014. The Debtor has also not explained what "legal status unknown" means. *See* MHM Dcl. ¶ 5.

6. The Property was identified as an asset in the chapter 11 case of Pioneer 74 Lots, LLC filed on August 12, 2009. That case was converted to a chapter 7 and terminated on March 9, 2011. *See* MHM Dcl., ¶ 6.

7. Mr. Yan, the former owner of the Debtor and a lien holder on the Property, and Mr. Eng, the owner of Pioneer 74 Lots, LLC and former owner of the Property are involved in ongoing litigation. *See* Pacer Docket, Lombard Flats, LLC, case no. 09-32219. Lombard Flats, LLC sought and was granted an order for contempt against Demis Yan, for

violating the automatic stay. Mr. Yan obtained a judgment against Lombard Flats, LLC post-confirmation on a promissory incurred prior to the bankruptcy filing. *See* Pacer Docket of case no. 09-32219.

8. Elizabeth Lee, a tenant of the Property, attended the Debtor's meeting of creditors and testified that she had received a letter from Mr. Lapham on June 18, 2014 directing her to pay rent to him. She further testified that she received an e-mail from Mr. Eng on June 24, 2014 indicating, in part, that the "Dennis (demis) Yan and Mark Laipham(sic)… have forged many documents and involved in over a few hundred litigation….They have put forged documents on many people's properties." Ms. Lee does not know to whom she should pay her rent. *See* MHM Dcl., ¶ 7.

9. The Debtor's schedules and SoFA indicate that the Debtor has conducted no business prior to May 2014 as shown by the following:
    a. The Debtor has not identified any interest in bank accounts on Schedule B;
    b. The Debtor has not identified any income for the past three years in response to Question no. 1 of the SoFA;
    c. The Debtor has not identified any leases or other executory contracts, such a rent agreements on Schedule G;
    d. The Debtor has not identified the location of its books and records or identified anyone who has the books and records of the company in answer to question number 18 of the SoFA.

*See* Pacer Docket #1.

10. Debtor's schedules and SoFA are false and misleading as follows:
    a. Debtor has failed to identify the nature, location, or name of its business in response to question number 18 of the SoFA;
    b. The Debtor a has failed to identify who has its books and records in response to question no 19 of the SoFA;

c. Although the Debtor identified itself as a "single asset real estate" case on the petition, the Debtor marked "none" in response to question number 18(b) asking the Debtor to identify any business that are "single asset real estate cases."

d. The Debtor has failed to identify the transfers of the property within two years immediately preceding the commencement of the case in response to number 10 of the SoFA.

11. *See* Pacer Docket #1.

## II. **PRAYER FOR RELIEF**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order appointing a trustee, or alternatively converting this case to a Chapter 7 case or dismissing the case and for such other and further relief as is just and appropriate under the circumstances.

Date: July 9, 2014

        TRACY HOPE DAVIS
        UNITED STATE TRUSTEE

        */s/Margaret H. McGee /*
        MARGARET H. MCGEE
        Trial Attorney
        Office of the United States Trustee,
        Oakland Division