TRACY HOPE DAVIS
United States Trustee for Region 17
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Email: maggie.mcgee@usdoj.gov
Telephone: (510) 637-3200
By:  MARGARET H. MCGEE (SBN 142722)
     Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re:

818 GREEN STREET LLC

Debtor(s)

Case No.14-42286 WJL

Chapter 11

Time: August 6, 2014
Date: 10:30 a.m.
Place: Room 220, 1300 Clay St.,
Oakland, Ca. 94612

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT A TRUSTEE UNDER 11 U.S.C. § 1104, OR, ALTERNATIVELY, CONVERT THE CASE TO ONE UNDER CHAPTER 7 OR DISMISS THE CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)**

Tracy Hope Davis, the U.S. Trustee for Region 17 ("U.S. Trustee") hereby submits this this memorandum of points and authorities in support of her motion to appoint a chapter 11 trustee under 11 U.S.C. § 1104 or, alternatively, to convert or dismiss the above-captioned case to chapter 7 under 11 U.S.C. §1112.

**I.     Introduction**

Cause exists to appoint a chapter 11 trustee in this case or, alternatively, to convert or dismiss this case because; 1) Harry Nguyen, the principal of 818 Green Street LLC ("Debtor"), filed the case in bad faith; 2) a dispute exists as to the ownership of the single asset real estate at issue in this case; 3) Mr. Nguyen has refused to provide documents reasonably requested by the

1

U.S. Trustee; and 4) Mr. Nguyen has failed to file accurate Schedules and Statement of Financial Affairs ("SoFA").  Mr. Nguyen purchased the Debtor on the eve of a foreclosure sale after the property was transferred to the Debtor on the eve of a foreclosure sale.   Mr. Nguyen does not know what the Debtor did prior to his purchase of the Debtor, and has no records of the Debtor, including bank account statements or tax returns.  A tenant of the property appeared at the meeting of creditors and testified that she was not sure who to pay as she had received contradictory information from two different individuals.   Debtor's representative filed false and misleading Schedules and SoFA by failing to disclose; the transfer of property immediately pre-petition; principals of LLC or describe the nature of the business; and leases or rental agreements between landlord and tenants.  Accordingly, the United States Trustee requests that the Court appoint a chapter 11 trustee or, alternatively, convert or dismiss the case.

**II.     This is A Core Proceeding**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**III.    The United States Trustee Has Standing to Seek the Requested Relief**

The United States Trustee is charged with supervising the administration of cases under chapter 11 of title 11, *see* 28 U.S.C. § 586(a)(3), and may raise and be heard on any issue in any case or proceeding, except that they may not file a chapter 11 plan. *See* 11 U.S.C. § 307.

The United States Trustee has standing to file a motion to appoint a chapter 11 trustee or a motion to dismiss or convert a case under chapter 11 pursuant to 11 U.S.C. § 1112(b).  28 U.S.C. § 586.  In addition, section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states:

> (a) Each . . . shall - (8) in any case in which the United States Trustee finds material grounds for any relief under section 1112 of title 11, the shall apply promptly after making that finding to the court for relief.

2

## IV. Statement of Facts

1. On May 26, 2014, 818 Green Street, LLC ("Debtor") commenced this case by filing a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Northern District of California, Oakland Division. *See* Pacer Docket. Debtor is a limited liability company, which purportedly owns property located at 818 Green Street in San Francisco, California (the "Property"). *Id.*

2. On May 28, 2014, the U.S. Trustee sent a letter to Mark Lapham, counsel to the Debtor, requesting that the Debtor produce documents relating to the chapter 11 filing. To date the Debtor has failed to provide: 1) proof of authorization to commence the case (e.g. resolution of board of directors of corporation or consent of all general partnerships of a partnership); 2) proof that the debtor has opened a debtor in possession bank account; 3) copies of checks, bank statements and check registers covering the 90 day period prior to commencement of the case; 4) copies of filed federal income tax returns; and 5) financial statements for fiscal year ending 2013 and year to date 2014 through the date of filing. *See* Declaration of Maggie McGee in Support of U.S. Trustee's Motion to Appoint a Trustee, or alternatively, Dismiss or Convert the Case ("MHM Dcl"). ¶ 2.

3. The U.S. Trustee conducted an initial debtor interview ("IDI") on June 23, 2014 and conducted a meeting of creditors ("MOC") on June 30, 2014. During the interview and the meeting of creditors, Mr. Nguyen stated as follows:

    a. Mr. Nguyen purchased the Debtor in May for $50,000 from Demis Yan, who is a friend of a friend of Mr. Nguyen. In order to purchase the Debtor, Mr. Nguyen gave Demis Yan, the former owner of the Debtor, a promissory note for the amount of the purchase. Thus, no actual cash changed hands.

    b. Mr. Nguyen conducted essentially no due diligence prior to purchasing the Debtor. He did not determine the amount of liens on the property, whether the Debtor had operated any business prior to the purchase, whether the Debtor had bank accounts or employees, or whether the Debtor had filed tax returns.

3

    c. Mr. Nguyen accepted the representations of Mr. Yan that the Debtor owned Property and that the liens were less than the value of the Property.

    d. Mr. Lapham indicated that the debtor was created in 2008 or 2009, but neither he nor Mr. Nguyen know what, if any, business the Debtor conducted prior to Mr. Nguyen's purchase.

*See* MHM Dcl. ¶ 3.

4. Mr. Nguyen produced a grant deed from Pioneer 74 Lots, LLC to the Debtor, dated July 1, 2009 and recorded May 23, 2014. Mr. Nguyen has not produced the purchase agreement between himself and Mr. Yan, although such was requested by the U.S. Trustee at the IDI and the MOC. *See* MHM Dcl. ¶ 4.

5. The Debtor submitted a real estate questionnaire to the U.S. Trustee which indicates that the Debtor is the fee owner of the Property. However, the questionnaire also states that the "prior legal owner has caused grant deed to be recorded without consideration after transfer of title to debtor in 2009. Legal status unknown." The Debtor has not explained why he believes legal title was transferred in 2009 when the deed was only recorded in May 2014. The Debtor has also not explained what "legal status unknown" means. *See* MHM Dcl. ¶ 5.

6. The Property was identified as an asset in the chapter 11 case of Pioneer 74 Lots, LLC filed on August 12, 2009. That case was converted to a chapter 7 and terminated on March 9, 2011. *See* MHM Dcl., ¶ 6.

7. Mr. Yan, the former owner of the Debtor and a lien holder on the Property, and Mr. Eng, the owner of Pioneer 74 Lots, LLC. and former owner of the Property are involved in ongoing litigation. *See* Pacer Docket, *In re Lombard Flats, LLC*, case no. 09-32219. Lombard Flats, LLC sought and was granted an order for contempt against Demis Yan for violating the automatic stay. Mr. Yan obtained a judgment against Lombard Flats, LLC post-confirmation on a promissory incurred prior to the bankruptcy filing. *See* Pacer Docket of case no. 09-32219.

8. Elizabeth Lee, a tenant of the Property, attended the Debtor's meeting of creditors and testified that she had received a letter from Mr. Lapham on June 18, 2014 directing her to pay rent to him. She further testified that she received an e-mail from Mr. Eng on June 24, 2014 indicating, in part, that the "Dennis (demis) Yan and Mark Laipham(sic)… have forged many documents and involved in over a few hundred litigation….They have put forged documents on many people's properties." Ms. Lee does not know to whom she should pay her rent. *See* MHM Dcl., ¶ 7.

9. The Debtor's schedules and SoFA indicate that the Debtor has conducted no business prior to May 2014 as shown by the following:

    a. The Debtor has not identified any interest in bank accounts on Schedule B;

    b. The Debtor has not identified any income for the past three years in response to Question no. 1 of the SoFA;

    c. The Debtor has not identified any leases or other executory contracts, such a rent agreements on Schedule G;

    d. The Debtor has not identified the location of its books and records or identified anyone who has the books and records of the company in answer to question number 18 of the SoFA.

*See* Pacer Docket #1.

10. Debtor's schedules and SoFA are false and misleading as follows:

    a. Debtor has failed to identify the nature, location, or name of its business in response to question number 18 of the SoFA;

    b. The Debtor a has failed to identify who has its books and records in response to question no 19 of the SoFA;

    c. Although the Debtor identified itself as a "single asset real estate" case on the petition, the Debtor marked "none" in response to question number 18(b) asking the Debtor to identify any business that are "single asset real estate cases."

5

    d. The Debtor has failed to identify the transfers of the property within two years immediately preceding the commencement of the case in response to number 10 of the SoFA.

*See* Pacer Docket #1.

## V. Statement Of Issues To Be Decided

"Cause" exists to appoint a chapter 11 Trustee because: 1) Harry Nguyen has filed the case in bad faith for the sole purpose of delaying a foreclosure sale; and 2) a dispute exists as to the rightful owner of the Property. "Cause" exists to appoint a chapter 11 trustee or convert the case because Mr. Nguyen has grossly mismanaged the estate by; 1) failing to make a reasonable inquiry into the condition of the Debtor prior to the purchase of the Debtor; 2) by failing completely and accurately fill out the Schedules and SoFA; and 3) failing to provide information as requested by the U.S. Trustee.

## VI. Points and Authorities

### A. The Controlling Statutory Framework

#### 1. Appointment of a Chapter 11 Trustee

Section 1104 (a) of the Bankruptcy Code provides, in pertinent part, that "at any time after the commencement of the case…on request of the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case…." 11 U.S.C. § 1104(a)(1) enumerates several specific grounds, including fraud, dishonesty, and incompetence, which can constitute cause and justify the appointment of a trustee. This list of factors constituting cause is not intended to be exclusive. *See* 11 U.S.C. § 1102(3). Examples of other situations which may constitute cause include failure of the debtor to cooperate with the United States Trustee's efforts to supervise the administration of the case, or internal dissension in the corporate hierarchy

6

resulting in failure to operate properly. *See In re Colorado-Ute Elec. Ass'n. Inc.* 120 B.R. 164 (Bankr. D. Colo. 1990); *In re Sullivan*, 108 B.R. 555 (Bankr. E.D. Pa. 1989); *In re St. Louis Globe-Democrat, Inc.*, 63 B.R. 131 (Bankr. E.D. Mo. 1985).

While some courts have fixed on the word "shall" to indicate that appointment of a trustee is mandatory if "cause" under (a)(1) is found, (see *In re Sundale,* 400 B.R. 890 (Bankr.S.D.Fla.2009)), the court in *In re G–I Holdings, Inc.* explained:

> While appointment of a trustee is mandatory upon a finding of cause under subsection (1) or upon a finding that a trustee would serve the interests outlined in subsection (2), the decision to appoint a trustee still falls within the court's discretion. A determination of "cause" under subsection (1) is within the court's discretion.
>
> 295 B.R. at 507, aff'd 385 F.3d 313, 317 (3d Cir.2004).

Factors to consider for cause under (a)(1) include: 1) materiality of the misconduct; 2) evenhandedness or lack of same in dealings with insiders or affiliated entities vis-a-vis other creditors or customers; 3) the existence of pre-petition voidable preferences or fraudulent transfers; 4) unwillingness or inability of management to pursue estate causes of action; 5) conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; 6) self-dealing by management or waste or squandering of corporate assets. *In re Intercat, Inc.,* 247 B.R. 911, 921 (Bankr.S.D.Ga.2000).

Subsection (a)(2) also has a list of factors for a court to consider. They include: (1) the trustworthiness of the debtor; (2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (3) the confidence—or lack thereof—of the business community and of creditors in present management; and (4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment. *In re Sundale,* 400 B.R. at 901.

There is a general presumption that a debtor-in-possession should be able to remain in possession absent a showing to the contrary. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 471 (3d Cir.1998).

### 2. **Conversion or Dismissal of the Case**

Section 1112(b) of the Bankruptcy Code provides, in pertinent part, that on the request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert the case to chapter 7, dismiss the case, appoint a chapter 11 trustee, or appoint an examiner, whichever is in the best interests of creditors of the estate, if the movant establishes cause.

Section 1112(b)(4) sets forth a list of 16 grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P); *see also In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4). "Cause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of those factors set forth in Section 1112(b)(4)." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 302 (S.D. Cal. 2014) *citing In re Prods. Int'l Co.,* 395 B.R. 101, 107 (Bankr.D.Ariz.2008). *See, e.g., In re AmeriCERT, Inc.,* 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive . . . a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); *In re Jayo,* 2006 WL 2433451, *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in §1112(b).")

Cause exists where debtor lacks good faith in filing its case. *In re Padilla*, 222 F.3d 1184, 1129 (9th Cir. 2000). The existence of good faith depends on an amalgam of factors and not upon a specific fact. *Matter of Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th

8

Cir. 1986). In a single asset real estate case, the bad faith factors include: 1) the debtor has one asset; 2) secured creditors liens encumber the asset; 3) there are no employees except for the principals, 4) there is no cash flow; 5) there is no available sources of income to sustain a plan of reorganization or make adequate protection payments; 6) there are few, if any unsecured creditors; 7) the property is posted for foreclosure because of arrearages on the debt; 8) the debtor has been unsuccessful in defending the foreclosure actions; 9) the "new debtor syndrome" exists where a one asset entity has been created or revitalized on the eve of foreclosure and the property transferred to this entity on the eve of foreclosure. *Id.* at 1072-73; *see also In re SR Real Estate Holdings, LLC,* 506 B.R. 121 (Bankr. S.D. Cal. 2014).

### B. "Cause" Exists to Appoint a Chapter 11 Trustee

#### 1. Pre-Petition and Post-Petition Gross Mismanagement

Mr. Nguyen purchased the Debtor without determining whether the Debtor conducted business, whether it had filed tax returns, or whether it even had a bank account. Mr. Nguyen testified that he is a "friend of a friend" of Demis Yan, the prior owner of the Debtor. Based upon Mr. Nguyen's lack of knowledge of the LLC and his failure to even conduct any due diligence regarding the amount of debt secured by the Property, and the fact that no actual money changed hands for the purchase of the Debtor, the Court can reasonably conclude that Mr. Nguyen is nothing but a straw for Mr. Yan and is acting at Mr. Yan's request in order to avoid a foreclosure sale. As such, Mr. Nguyen has no interest in reorganizing and is in no position to act as a fiduciary to the estate.

#### 2. Filing False Schedules and SoFA

Mr. Nguyen has grossly mismanaged the estate by failing to take care to file correct the Schedules and SoFA. He failed to list the transfer of the Property in May 2014, the nature and location of the Debtor's business, the location of the Debtor's books and records and denied, in a contradictory statement, that the Debtor was a single asset real estate case.

9

### 3. Failing to Provide Documents to the U.S. Trustee

Mr. Nguyen claims that he cannot produce any documents of the Debtor because he has none. Mr. Nguyen has no books and records because he purchased the Debtor without conducting any due diligence or determining what, if any, records exist for the Debtor. Mr. Nguyen has even failed to produce the sales agreement by which he acquired the LLC. Mr. Nguyen's failure to ascertain relevant information about the debt and to provide that information to the U.S. Trustee constitutes gross mismanagement and warrants the appointment of a trustee.

### C. "Cause" Exists to Convert Case

#### 1. Bad Faith

Virtually all of the bad faith factors are present in the case at hand. The Debtor was sold to Mr. Nguyen on the eve of bankruptcy. A deed was recorded transferring the Property from the previous owner to the Debtor on the eve of bankruptcy. According to Mr. Nguyen, The Debtor has no bank accounts, no tax returns, and no unsecured creditors. Although tenants live in the Property the Debtor itself has no cash flow, as it has yet to receive any rents, due to a dispute in the ownership of the Property. There are no employees and the only apparent principal is Mr. Nguyen, who has little, if any, knowledge of the Debtor's history or the history of ownership in the Property.

#### 2. Gross mismanagement

Again, Mr. Nguyen's lack of knowledge of the Debtor or the Property indicates that Mr. Nguyen is nothing but a straw for Mr. Demis Yan. Mr. Nguyen's willingness to act in this capacity is a breach of his fiduciary obligations to creditors and possibly constitutes fraud.

#### 3. Failure to Provide Documents to the U.S. Trustee

Again, Mr. Nguyen's failure to conduct due diligence or obtain relevant and necessary documents of the Debtor and provide those documents to the U.S. Trustee is not only grounds to appoint a trustee, but also grounds to convert or dismiss the case.

### D. If a Chapter 11 Trustee is not Appointed Debtor's Case Should Be Converted

As described above, cause exists to convert or dismiss this case. Once "cause" is established, the court must then determine whether dismissal or conversion of the case, or appointment of a trustee under 11 U.S.C. § 1104(a) or an examiner is in the best interests of creditors and the estate, *see* 11 U.S.C. § 1112(b)(1), unless the court identifies "unusual circumstances" that such relief is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). *In re Products Intern. Co.,* 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); *In re Nelson,* 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (section 1112(b) establishes a two-step analysis for dealing of questions of conversion or dismissal.) Once "cause" is found, the burden shifts to the debtor to show that there is a reasonable likelihood that a plan will be confirmed within a reasonable time, and, if the cause for conversion or dismissal includes an act or omission of the debtor, "(i) [] there exists a reasonable justification for the act or omission; and (ii) it will be cured within a reasonable time fixed by the court." 11 U.S.C. § 1112(b)(2)(A)-(B).

The United States Trustee believes that appointment of a trustee is in the best interest of creditors given that the stated value of the property is in excess of the reported liens and someone needs to collect the rents pending sale or other disposition of the property. Alternatively, the U.S. Trustee requests conversion, rather than dismissal, of this case is appropriate for the same reasons. A chapter 7 trustee is needed to investigate the title to the property, the value of the property and whether existing liens against the property are valid and enforceable. The United States Trustee believes that conversion of this case and the assignment of the same trustee is appropriate. If, however, the court determines that the Debtor does not own the property, the case should be dismissed.

11

**E.     There Are No Known Compelling Circumstances to Justify A Continuance**

Section 1112(b)(3) provides that "[t]he court shall commence the hearing" on a motion to convert or dismiss under section 1112(b)(1) "not later than 30 days after filing of the motion" and decide the motion "not later than 15 days after commencement of such hearing unless movant expressly consents to a continuance [] or compelling circumstances prevent the court from meeting the time limits." 11 U.S.C. § 1112(b)(3). The United States Trustee is not aware of compelling circumstances that justify deviating from the time frames required by section 1112(b)(3).

**VII.     CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests the Court enter an order appointing a chapter 11 trustee or, alternatively, converting this case, and for other relief as is just and appropriate under the circumstances.

Date:  JULY 9, 2014

                                                TRACY HOPE DAVIS
                                                UNITED STATES TRUSTEE

                                                <u>Margaret H. McGee</u>
                                                MARGARET H. MCGEE
                                                Trial Attorney
                                                Office of the United States Trustee

12