Jonathan Matthews
Attorney At Law
1321 40th St., #223
Emeryville, CA 94608

Attorney for Martin Eng, Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION

In re
818 GREEN STREET LLC.

PENNYMAC HOLDIN GS, LLC, its successors and/or its assigns, by its servicing agent, PENNYMAC LOAN SERVICES, LLC,

Movant,

vs.

818 GREEN STREET LLC; JOHN KENDALL, CHAPTER 7 TRUSTEE,

Respondents

Case No.: 14-42286

RS No: TJS-1300

Chapter 7

DEBTOR'S OBJECTION AND OPPOSITION TO PENNYMAC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Date: June 10, 2015
Time: 9:30 a.m.
Ctrm: 220

The Courtroom of the Honorable William J. Lafferty

Now here comes the Debtor through counsel of record by way of Objection to the Motion to Vacate the Automatic Stay and hereby says as follows

The Debtor respectfully asks the Court to deny the motion to remove the automatic stay given that it would be premature given certain issues that are currently under litigation in a related case. Granting the automatic stay would frustrate the efforts of that related litigation and essentially make that process moot.

## STATEMENT OF FACTS

1. The bankruptcy was filed in May 26, 2014 and faced several claims including one from the Debtor alleging the nature of the bankruptcy itself was void because certain documents were forged to show transfer of title.

2. Debtor Eng also initiated an adversary proceeding on July 31, 2014 alleging the transfer to be void on the basis of false documents and has sought relief from the bankruptcy court.

3. In the main bankruptcy, the trustee John Kendall received several claims and determined the underlying bankruptcy was a no-asset bankruptcy on October 15, 2014 and has not done anything since.

4. Parties in the adversary proceeding are going through discovery and are in the process of exchanging information that should shed valuable light on the issues surrounding the alleged transfers of title challenged.

5. Pennymac's claim of standing in this case rests on the same documents that are being challenged in the adversary proceeding by Debtor Marin Eng.

6. Additionally, many of the parties Pennymac identifies as having some sort of financial interest in the underlying property at Green St were challenged by Debtor Eng in this case.

## LEGAL ARGUMENT: APPROPRIATE FACTS AND LAW WEIGH AGAINST REMOVING THE AUTOMATIC STAY

7. Removing the automatic stay would put the .property at risk before the adversary proceeding was concluded. As a result it appears that removing the automatic stay at this juncture would be premature.

8. The adversary proceeding would be unduly frustrated by removing the automatic stay. If the removal were granted, then the property could be sold and/or the deeds of trust granted without the adversary proceeding helping to resolve in fact who truly holds title to the Green Street property. Removing the automatic stay is not the most narrowly tailored way to resolve the issues at dispute.

9. Central to the adversary proceeding is determining the true transfer of title for the Green Street property. Granting the removal of the automatic stay deprives the adversary proceeding of its purpose.

10. Many of the same parties who would receive some equity under a proposed deed of trust by the movant are under scrutiny in the adversary proceeding. Given that these issues have not been resolved, granting the removal of the automatic stay would be premature.

11. Granting the removal of the automatic stay would deprive the Debtor of possible means to resolve the ongoing adversary proceeding. This reality once again suggests the movant's motion is premature.

12. Under the immediate circumstances, however, **the Debtor requests the Court DENY the pending motion with all of the fraud it presents and award sanctions to the Debtor.** This is not a case where Pennymac presented an alternate theory of recovery or was ambiguous from the start, instead it affirmatively held itself out to be something it is not and when it got caught by an astute Debtor and her legal team, The Debtor surmises that the only purpose for even filing a Motion for Relief from Stay in an otherwise plain vanilla chapter 7 case where such a motion does not free the creditor from the constraints of the automatic stay any sooner than if the case closed though its natural course of otherwise uncontested proceedings, would be to generate

Case: 14-42286 Doc# 68 Filed: 06/05/15 Entered: 06/05/15 17:11:31 Page 3 of 4

legal fees which are then passed on to the investor, and simultaneously tacking on legal fees to the Debtor's mortgage balance.

13. The debtor further objects to the falsified document Pennymac purports to be an assignment submitted to this court in support of its attempt at a Motion for Relief from Stay is void under 11 U.S.C. §362. In fact, the so-called assignment has done little except to create a cloud on the public record of this proceeding by creating a discrepancy as to the chain of assignments and transfers of the note and mortgage.

**WHEREFORE,** the debtor prays of the Court as follows:

A. That Creditor's Motion for Relief from Stay be denied;

B. That Pennymac be precluded from filing any amended, modified or substitute claim or further motions seeking relief from stay in this case;

C. That the debtor have such other and further relief as the Court may deem just and proper.

D. That the Debtor have and recover against Pennymac a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

E. That the debtor have such other and further relief as the Court may deem just and proper.

Dated: June 5, 2015

JONATHAN MATTHEWS

Attorney for Debtor